IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLVIA G. MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0587-D |
| | § | |
| THOMAS AYALA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Nolvia Mejia ("Mejia") sues defendants Thomas Ayala ("Ayala"), Jose F. Zavala ("Zavala"), and JF Zavala Enterprises Inc. d/b/a El Pulpo Restaurant ("Zavala Enterprises"), alleging claims for sex discrimination, sexual harassment, hostile work environment, retaliation, and wrongful termination discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and a claim for violating chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556) on corresponding grounds. In separate motions, Ayala, and Zavala and Zavala Enterprises, move under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motions and also grants Mejia leave to replead.[1]

---

[1]Zavala and Zavala Enterprises also move to strike Mejia's appendix to her response to Zavala and Zavala Enterprises' motion to dismiss. Because the court is not relying on any evidence in the appendix in deciding these motions, it denies the motion to strike as moot. *See Nichelson v. United Dominion Realty Tr.*, 152 Fed. Appx. 421, 422 (5th Cir. 2005) (per curiam) ("[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their

I

Considering the grounds on which the court is granting defendants' motions, it can succinctly recount the pertinent background facts, which are based on the well-pleaded allegations of Mejia's complaint, taken as true for purposes of deciding defendants' motions.[2]

Defendants Ayala, Zavala, and Zavala Enterprises are the owners of El Pulpo Restaurant Northwest ("El Pulpo").  Mejia was initially employed at El Pulpo as a waiter/server and reported to David Hernandez, the manager.  Not long after she started her employment, Ayala began sexually harassing her.  Initially, Ayala made several inappropriate compliments concerning her body, clothes, hair, and the fit of her clothes. Later, the harassment increased and consisted of inappropriate hugging, groping of Mejia's breast and buttocks, and telling Mejia what he would like to do to her sexually.

Ayala later promoted Mejia to the position of bar attendant, where he became her immediate supervisor, and the harassment increased.  During this time, he told Mejia and others several times that he had promoted her so that he could have sex with her.

Zavala and Zavala Enterprises were aware of Ayala's harassment of Mejia but did nothing to prevent it.

─────────────────

inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996))).

[2]The court accepts all of Mejia's well-pleaded facts as true and views them in the light most favorable to her.  *See infra* § II.

On July 1, 2019 Ayala followed Mejia into the ladies bathroom at El Pulpo and "sexually assaulted [her] . . . by putting his hands under her cloth[e]s, . . . forcefully kiss[ing] and bit[ing] [her] on her lips with laceration, and perform[ing] sexual acts on [her] and himself." Compl. ¶ 15. Feeling that she had no choice after the assault, Mejia quit her job at El Pulpo.

Mejia later filed a complaint with the Texas Workforce Commission-Civil Rights Division and the U.S. Equal Employment Opportunity Commission ("EEOC"). After she received a right to sue letter from the EEOC, she filed this lawsuit. Defendants move to dismiss. The court is deciding the motions on the briefs.

II

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motions to dismiss, Mejia must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555

- 3 -

("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

III

Defendants contend that this lawsuit must be dismissed because, *inter alia*, Mejia has not plausibly alleged that defendants were her employers, as defined by Title VII or the TCHRA.[3]  Mejia responds that defendants meet the statutory definition of "employer."[4]

Title VII imposes liability only on an "employer," as defined by statute, not on an individual supervisor or fellow employee.  *See Turner v. Baylor Richardson Med. Ctr.*, 476

---

[3]The court will consider Mejia's Title VII and TCHRA claims together because both statutes contain substantially similar definitions of the term "employer."  *See* 42 U.S.C. § 2000e(b) (Title VII definition of employer); Tex. Lab. Code Ann. § 21.002(8)(A) (Texas Labor Code definition of employer).  And "the law governing claims under the TCHRA and Title VII is identical."  *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n. 2 (5th Cir. 1999).

[4]Mejia also contends that if the Ayala and Zavala were not employers within the meaning of Title VII, they can still be held liable as the agents of her employer.  The court disagrees.  The term "agent" in Title VII "merely incorporates the principle of *respondeat superior* liability into Title VII" and does not result in individual liability for an agent who is not an employer.  *Muthukumar v. Kiel*, 478 Fed. Appx. 156, 158 (5th Cir. 2012) (per curiam) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).

F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). This means that, to establish that a defendant is liable under Title VII, the plaintiff must prove both of the following: First, that the defendant meets Title VII's definition of "employer," i.e., "a person engaged in an industry affecting commerce who has fifteen or more employees." *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (quoting 42 U.S.C. § 2000e(b)). And, second, that "an employment relationship exists between the plaintiff and the defendant." *Id.* (citing *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)).

Title VII's "15-or-more-employees requirement," although not jurisdictional, is "the threshold number of employees for application of Title VII [and] is an element of a plaintiff's claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006). Mejia's complaint makes only conclusory allegations about the applicability of Title VII to defendants as employers, asserting, for example, that "[t]he Defendants were the employer of Plaintiff Nolvia Mejia, within the meaning of Title VII." Compl. ¶ 20. Other judges of this court and other district courts have dismissed claims for failing to plead facts from which the court could reasonably infer that the defendant employed 15 or more employees. *See, e.g., Hawkins v. TRT Holdings, Inc.*, 2021 WL 149021, at *3 (N.D. Tex. Jan. 15, 2021) (Starr, J.) (holding that the "complaint failed to plead how many employees TRT and Omni Hotels employs. Therefore, the complaint fails to adequately plead that TRT is an 'employer' under Title VII or the Texas Labor Code and consequently fails to state a claim against TRT under either statute."); *Lora v. Centralized Mgmt. Serv., Inc.*, 2020 WL 3173025, at *3-4 (S.D.N.Y.

- 5 -

June 12, 2020) (dismissing complaint that "provide[d] no details—conclusory or otherwise—as to the number of employees employed by these entities"); *Lindsley v. TRT Holdings, Inc.*, 2018 WL 3368930, at *2 (N.D. Tex. July 10, 2018) (Boyle, J.) (holding that "[Plaintiff] has not alleged how many people TRT employs and has therefore failed to state a claim under Title VII, the [Family and Medical Leave Act of 1993], and the Texas Labor Code."). The court therefore holds that Mejia has failed to plausibly allege that defendants were her employers within the meaning of Title VII.[5]

––––––––––––––––––––

[5]Defendants also contend that Mejia has failed to sufficiently plead that an employment relationship existed under the Fifth Circuit hybrid economic realities/common law control test. The court need not now address the merits of this argument in view of its determination that the complaint is already deficient for failing to plausibly allege that defendants were Mejia's employers. But because the court is permitting Mejia to replead, it will identify an additional defect that Mejia should correct when she amends her complaint.

The Fifth Circuit applies the "hybrid economic realities/common law control test" to determine the existence of an employment relationship for purposes of Title VII. *See Muhammad*, 479 F.3d at 380 (quoting *Deal*, 5 F.3d at 118-19). In examining the "control" component, the court considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* (quoting *Deal*, 5 F.3d at 119). The economic realities component "focuses on 'whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.'" *Id.* (quoting *Deal*, 5 F.3d at 119). Mejia posits in her response briefs that Ayala and Zavala both had an employment relationship with her because they had "the right to hire, fire, supervise, and set the work schedule of Plaintiff." P. Resp. to Ayala at 5; P. Resp. to Zavala and Zavala Enterprises at 4. Mejia also argues that Zavala Enterprises had an employment relationship with her because it paid her paychecks and withheld taxes. But these assertions are found in Mejia's responsive briefs, *not* in the allegations of her complaint, so the court cannot consider them when deciding whether Mejia has pleaded a plausible claim. *See, e.g., Nichelson*, 152 Fed. Appx. at 422. Mejia's complaint alleges only that defendants owned El Pulpo and that Ayala promoted Mejia to the position of bar attendant and became her direct supervisor. As presently framed, Mejia's complaint fails to allege sufficient facts for the court to reasonably infer that she has plausibly pleaded an employment relationship with defendants under the Fifth Circuit hybrid economic realities/common law control test.

IV

Defendants also contend that the court should dismiss Mejia's disparate-impact sex discrimination claim because she has not pleaded that defendants enacted facially neutral policies that disproportionately impacted women.  Mejia does not substantively respond to this argument.

"Disparate-impact discrimination . . . addresses employment practices or policies that are facially neutral in their treatment of . . . protected groups, but, in fact, have a disproportionately adverse effect on such a protected group."  *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006) (citing *Hebert v. Monsanto*, 682 F.2d 1111, 1116 (5th Cir. 1982)). Mejia has failed to plead a plausible claim for disparate-impact discrimination because her complaint lacks factual allegations of any specific facially neutral employment policies at El Pulpo and fails to make any specific factual allegations regarding how such neutral policies had a disproportionately adverse effect on women.

V

Defendants maintain that the court should dismiss Mejia's retaliation claim because the complaint does not sufficiently plead that she engaged in protected activity that caused an adverse employment action.  Mejia does not substantively respond to this argument.

Mejia has failed to plausibly allege a retaliation claim.  To prove retaliation, Mejia must establish that "(1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and

the adverse action." *Richards v. JRK Prop. Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010) (per curiam). Although Mejia is not required to plead a prima facie case of retaliation, she must "plead sufficient facts on all of the ultimate elements" of a retaliation claim to make her case plausible. *Jenkins v. La. Workforce Comm'n*, 713 Fed. Appx. 242, 244 (5th Cir. 2017) (per curiam) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)); *see also Teaque v. Williamson Cnty.*, 2020 WL 2542869, at *11 (W.D. Tex. May 19, 2020).

Regarding protected activity, Mejia's complaint contains only conclusory allegations that she "engaged in protected activity that included, but not limited to, complaining about sex discrimination, hostile work environment, and retaliation." Compl. ¶ 40. But the only specific instance of protected activity alleged in Mejia's complaint is that she filed a claim with the EEOC, which Mejia avers occurred *after* her employment with El Pulpo was terminated. *See* Compl. ¶¶ 10, 15, 17. Thus the court cannot reasonably infer that the protected activity of filing a claim with the EEOC caused her termination.

Mejia's complaint is also internally inconsistent about what adverse employment action was taken. At one point in her complaint, she alleges that she "had no choice but to quit her job with the Defendants." Compl. ¶ 17. But at other points she seems to allege that defendants terminated her. For example, Mejia alleges that she "suffered an adverse employment action, up to and including termination of her employment," and that "[t]he Defendants wrongfully retaliated against the Plaintiff leading to the termination of her employment." Compl. ¶¶ 34, 40. But because it is unclear what retaliatory action Mejia

- 8 -

alleges that defendants took in response to her protected activity, she has failed to plead a plausible claim for retaliation.

VI

Defendants also move to dismiss Mejia's wrongful termination claim, contending that it is duplicative of her other claims. Mejia does not substantively respond to this argument.

Although the court declines at this stage of the litigation to reach the question whether Mejia's wrongful termination claim is duplicative of her other claims, it agrees with defendants that Mejia has failed to state a claim for wrongful termination. Because of the internal inconsistencies in Mejia's complaint set out *supra* in § V, the court cannot determine whether Mejia is alleging that defendants terminated her employment or that she quit her job at El Pulpo. Thus the court cannot determine whether Mejia intends to plead a claim for wrongful termination or constructive discharge.

*   *   *

For the reasons stated, the court grants defendants' motions to dismiss. Although the court is granting defendants' motions, it will permit Mejia to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th

- 9 -

Cir. 2002))).  Mejia must file her amended complaint within 28 days of the date this memorandum opinion and order is filed.

In granting such leave, the court emphasizes that, while Mejia may very well have claims (such as a hostile work environment claim) that should withstand Rule 12(b)(6) dismissal, she must sue her employer if she is to prevail under Title VII and the TCHRA. That requires both that the defendant in question *be* an employer, as defined by law, and that the defendant be *her* employer.  So Mejia's counsel should use care when repleading to ensure that the amended complaint plausibly pleads that any defendant alleged to be liable under Title VII and the TCHRA qualifies as Mejia's employer.

**SO ORDERED**.

September 2, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -