IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLVIA G. MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0587-D |
| | § | |
| THOMAS AYALA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Nolvia G. Mejia ("Mejia") sues defendants Thomas Ayala ("Ayala"), Jose F. Zavala ("Zavala"), and JF Zavala Enterprises Inc. d/b/a El Pulpo Restaurant ("Zavala Enterprises"). In her amended complaint, Mejia alleges claims for sexual harassment and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and claims for violations of chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556) on corresponding grounds. Mejia also asserts claims against Ayala individually for assault and intentional infliction of emotional distress ("IIED"). In separate motions, Ayala and Zavala move under Fed. R. Civ. P. 12(b)(6) to dismiss the claims against them for failure to state a claim on which relief can be granted. Mejia has not responded to the motions. For the reasons that follow, the court grants the motions to dismiss and dismisses Mejia's action against Zavala by Rule 54(b) final judgment entered today.

I

The court assumes the parties' familiarity with its prior memorandum opinion and order in this case, *see Mejia v. Ayala (Mejia I)*, 2021 WL 3930090, at *1-2 (N.D. Tex. Sept. 2, 2021) (Fitzwater, J.), and recounts the facts and procedural history only as is necessary to understand this opinion.

Defendants Ayala, Zavala, and Zavala Enterprises are the owners of El Pulpo Restaurant Northwest ("El Pulpo").[1]   Mejia was initially employed at El Pulpo as a waiter/server and reported to David Hernandez, the manager.  Not long after Mejia started her employment, Ayala began sexually harassing her.  Initially, Ayala made several inappropriate compliments concerning her body, clothes, hair, and the fit of her clothes. Later, the harassment increased and consisted of inappropriate hugging, groping of Mejia's breast and buttocks, and telling Mejia what he would like to do to her sexually.

Ayala later promoted Mejia to the position of bar attendant, where he became her immediate supervisor, and the harassment increased.  During this time, he told Mejia and others several times that he had promoted her so that he could have sex with her.  Zavala and Zavala Enterprises were aware of Ayala's harassment of Mejia but did nothing to prevent it.

On July 1, 2019 Ayala followed Mejia into the ladies bathroom at El Pulpo and "put his hands under her clothes, forcibly kissed [her] and bit her on her lips, resulting in laceration, and performed sexual acts on [Mejia] and on himself."  Am. Compl. 5 at ¶ 21.

---

[1]The court accepts as true all of the well-pleaded facts in Mejia's amended complaint and views them in the light most favorable to her.  *See infra* § II.

After the assault, Ayala sent Mejia a text message saying he was sorry.  Zavala and Zavala Enterprises were both aware of the assault but did nothing to address it.  Feeling she had no choice, Mejia quit her job at El Pulpo.

Mejia later filed a complaint with the Texas Workforce Commission-Civil Rights Division and the U.S. Equal Employment Opportunity Commission ("EEOC").  After she received a right to sue letter from the EEOC, she filed this lawsuit.  Defendants moved to dismiss Mejia's complaint under Rule 12(b)(6), and the court granted the motion but also granted Mejia leave to replead.  *See Mejia I*, 2021 WL 3930090, at *4.  Mejia thereafter filed an amended complaint.

Ayala and Zavala now separately move to dismiss Mejia's Title VII and TCHRA claims against them individually.  Ayala also moves to dismiss Mejia's claim against him for IIED.  Together, their motions seek dismissal of all claims asserted against them individually but Mejia's pendent assault claim against Ayala.  Mejia has not responded to either of these motions, and they are now ripe.  *See* N.D. Tex. Civ. R. 7.1.  The court is deciding the motions on the briefs.

II

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive defendants' motions to dismiss, Mejia must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

Zavala and Ayala move to dismiss Mejia's Title VII and TCHRA claims against them in their individual capacities, arguing, *inter alia*, that because Mejia has not plausibly alleged that they were her employers, they cannot be held individually liable under either statute.[2]

---

[2]The court will consider Mejia's Title VII and TCHRA claims together because both statutes contain substantially similar definitions of the term "employer." *See* 42 U.S.C. § 2000e(b) (Title VII definition of employer); Tex. Lab. Code Ann. § 21.002(8)(A) (Texas Labor Code definition of employer). And "the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

Title VII imposes liability only on an "employer," as defined by statute, not on an individual supervisor or fellow employee. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). This means that, to establish that a defendant is liable under Title VII, the plaintiff must prove both of the following: first, that the defendant meets Title VII's definition of "employer," i.e., "a person engaged in an industry affecting commerce who has fifteen or more employees." *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (quoting 42 U.S.C. § 2000e(b)). And, second, that "an employment relationship exists between the plaintiff and the defendant." *Id.* (citing *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)). The term "agent" in Title VII "merely incorporates the principle of *respondeat superior* liability into Title VII" and does not result in individual liability for an agent who is not an employer. *Muthukumar v. Kiel*, 478 Fed. Appx. 156, 158 (5th Cir. 2012) (per curiam) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).

The Fifth Circuit applies the "hybrid economic realities/common law control test" to determine the existence of an employment relationship for purposes of Title VII. *See Muhammad*, 479 F.3d at 380 (quoting *Deal*, 5 F.3d at 118-19). In examining the "control" component, the court considers "whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee." *Id.* (internal quotation marks omitted) (quoting *Deal*, 5 F.3d at 119). The economic realities component "focuses on

- 5 -

'whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.'"  *Id.* (quoting *Deal*, 5 F.3d at 119).

Mejia alleges that Ayala and Zavala were co-owners of El Pulpo and that El Pulpo employed "15 employees at all relevant times."  Am. Compl. 2 at ¶ 6.  And she asserts that both Ayala and Zavala "[a]s co-owners [of El Pulpo] . . . each possessed and exercised the power to hire, fire, supervise, and set the work schedules of employees, including [Mejia]," and that Ayala promoted Mejia to the position of bar attendant and was, at that time, her direct supervisor.  Am. Compl. 2 at ¶ 7, 4 at ¶ 17.  Mejia further alleges that Zavala Enterprises "paid salaries, withheld taxes, provided benefits, and set the terms and conditions of employment," and that "all of [Mejia's] paycheck[s] [were] signed by Defendant Thomas Ayala."[3]  Am. Compl. 2-3 at ¶ 8.

The court concludes that these allegations are insufficient to plausibly plead that Ayala and Zavala were individually Mejia's employers within the meaning of Title VII. Rather, these allegations only enable the court to draw the reasonable inference that Mejia was employed by El Pulpo or Zavala Enterprises, that Ayala and Zavala owned El Pulpo, and that Ayala and Zavala supervised Mejia as an employee of El Pulpo.  But ownership of a corporate entity is not sufficient to hold an individual liable as an employer under Title VII. *See, e.g., Thomas v. Gryck*, 2020 WL 4057647, at *2 (W.D. Pa. July 20, 2020) (dismissing

---

[3]Mejia also attaches copies of her paychecks to her amended complaint, demonstrating that the paychecks were signed by Ayala but paid by Zavala Enterprises.  *See generally* Am. Compl. Ex. A.

plaintiff's Title VII claim against restaurant owner because "[plaintiff] may not assert these claims against [defendant] in his individual capacity"); *Fodor v. D'Isernia*, 506 Fed. Appx. 965, 966 (11th Cir. 2013) (per curium) (affirming dismissal of Title VII claim against owner of plaintiff's employer because he was not subject to individual liability under Title VII); *Al Naser v. Creative Designs Mgmt. Co.*, 2012 WL 3779067, at *5 (N.D. Ill. Aug. 30, 2012) (collecting cases and holding "the fact that Defendant Shehada is an alleged owner of the Defendant corporations does not make him liable as an employer under Title VII"); *Robinson v. Robinson*, 2010 WL 3938399, at *2 (N.D. Tex. Sept. 8, 2010) (Kaplan, J.) ("Nor can plaintiff sue Robinson, the owner of [the entity that employed plaintiff], or Sanders, the general manager, in their individual capacities."), *rec. adopted*, 2010 WL 3938400 (N.D. Tex. Oct. 5, 2010) (Kinkeade, J.).

Mejia's allegations that Ayala and Zavala exercised control over her in their roles as co-owners of El Pulpo also do not support an inference that they are individually liable under Title VII. This is so because these claims are no different than Title VII claims against individual supervisors or individual employees who exercise supervisory authority over a plaintiff. Title VII does not allow claims against employees or agents of a corporation in their individual capacities, even if they acted as a plaintiff's supervisor. *See Grant*, 21 F.3d at 652; *see also Barrow v. Greenville Indep. Sch. Dist.*, 2000 WL 34226872, at *2 (N.D. Tex. July 14, 2000) (Fitzwater, J.) ("It is well established in this circuit that employees may not bring Title VII claims against supervisors in their individual capacities, even when they possess[] ultimate authority to hire and fire."). And to the extent that Mejia intends to allege

a claim against Ayala and Zavala in their official capacities as owners and agents of El Pulpo,[4] she "is not entitled to maintain an action against both a corporation and its agent[s] in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (second alteration in original) (quoting *Allen v. Tulane Univ.*, 1993 WL 459949, at *4 (E.D. La. Nov. 2, 1993)); *see Simmons v. Tarrant Cnty. 9-1-1 Dist.*, 2014 WL 3720417, at *3 (N.D. Tex. July 22, 2014) (Lynn, J.) ("[A] plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity.").

The court therefore grants Ayala's and Zavala's motions to dismiss Mejia's Title VII and TCHRA claims against them individually.

IV

Ayala also moves to dismiss Mejia's IIED claim against him individually on the ground that the claim is preempted by her Title VII and TCHRA claims.

Under Texas law, "a plaintiff may not bring an IIED claim when other statutory remedies are available for the underlying conduct." *Pacheco v. Zanios Foods, Inc.*, 502 F.Supp.2d 508, 512 (W.D. Tex. 2006) (citing *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). IIED "is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157

---

[4]It is not entirely clear from Mejia's amended complaint whether she alleges that Zavala and Ayala are liable in their individual or official capacities. And because Mejia has not responded to the motions to dismiss, the court cannot determine what arguments she would make to support her Title VII and TCHRA claims against Ayala and Zavala.

S.W.3d 814, 816 (Tex. 2005) (quoting *Zeltwanger*, 144 S.W.3d at 447). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Id.* "Therefore, courts have found that employees' IIED claims against supervisors are precluded when there are other statutory remedies available against the employer." *Fisher v. Dall. Cnty.*, 299 F.R.D. 527, 537 (N.D. Tex. 2014) (Fitzwater, C.J.) (quoting *Mercer v. Arbor E & T*, 2012 WL 1425133, at *10 (S.D. Tex. Apr. 21, 2012)); *see also Bookman v. AIDS Arms, Inc.*, 2014 WL 4968189, at *6 (N.D. Tex. Oct. 3, 2014) (Boyle, J.) ("Because the gravamen of [plaintiff's] IIED claim is the conduct alleged in support of her claim for sexual harassment, the IIED claim is precluded as a matter of law.").

Mejia has not distinguished the conduct that supports her IIED claim from that which supports her statutory workplace claims or her assault claim. She alleges that Ayala's conduct was "extreme and outrageous" and that this conduct caused her "severe emotional distress," but she does not allege any additional or separate facts from those related to her other claims. *See* Am. Compl. 9 at ¶ 51. Thus Mejia is "attempting impermissibly to predicate an IIED claim on the same conduct which underpins" her hostile work environment, sexual harassment, and assault claims. *Muniz v. El Paso Marriott*, 2009 WL 4878619, at *3 (W.D. Tex. Dec. 8, 2009). Because the "gravamen" of Mejia's IIED complaint is really sexual harassment, hostile work environment, and assault, her IIED claim is preempted. *See Miller v. Target Corp.*, 854 Fed. Appx. 567, 569 (5th Cir. 2021) (per curiam) ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." (quoting *Zeltwanger*, 144 S.W.3d

at 447)); *Garza v. AAA Cooper Transp.*, 2020 WL 10867683, at *3 (S.D. Tex. Aug. 6, 2020) (holding that a plaintiff's IIED claim was preempted because "Plaintiff's complaints all stem from [defendant's] alleged conduct, including the inappropriate, sexually suggestive comments; nonconsensual touching; and retaliation for reporting these lewd advances. There are no other facts, unrelated to sexual harassment, that support an IIED claim against Defendant" (citations omitted)). There is no "gap" to fill.

Accordingly, Mejia's IIED claim against Ayala is dismissed.

\* \* \*

For the reasons stated, the court grants Ayala's and Zavala's motions to dismiss. And because no claims remain against Zavala individually, the court dismisses Mejia's action against Zavala by Rule 54(b) final judgment entered today.

**SO ORDERED**.

December 22, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -