IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLVIA G. MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0587-D |
| | § | |
| THOMAS AYALA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Thomas Ayala ("Ayala") and JF Zavala Enterprises Inc. d/b/a El Pulpo Restaurant ("Zavala Enterprises") move for summary judgment as to plaintiff Nolvia G. Mejia's ("Mejia's") remaining claims, relying solely on her deemed admissions. Mejia opposes the motion and moves under Fed. R. Civ. P. 36(b) to withdraw and amend her deemed admissions. For the reasons that follow, the court conditionally grants Mejia's motion to withdraw and amend her deemed admissions and denies without prejudice defendants' motion for summary judgment.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case, *see Mejia v. Ayala*, 2021 WL 6063583 (N.D. Tex. Dec. 22, 2021) (Fitzwater, J.); *Mejia v. Ayala*, 2021 WL 3930090 (N.D. Tex. Sept. 2, 2021) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this memorandum opinion and order.

On November 24, 2021 defendants served Mejia with their requests for admissions. The parties agreed to extend until January 7, 2022 the deadline for Mejia to respond. Mejia failed to serve her answers on that date, and the admissions were deemed admitted by rule. *See* Rule 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."). On January 17, 2022 Mejia served defendants with her untimely responses to defendants' requests for admissions.  But she did not at that time file a Rule 36(b) motion to withdraw or amend the deemed admissions.

On February 18, 2022 defendants moved for summary judgment as to Mejia's claim against Zavala Enterprises for sexual harassment and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. §§ 21.001-21.556), and her remaining claim against Ayala, individually, for assault. Defendants contend only that they are entitled to summary judgment based on Mejia's deemed admissions that she was *not* sexually harassed or assaulted by Ayala. On March 10, 2022 Mejia filed her response to defendants' motion for summary judgment, and she moved separately under Rule 36(b) to withdraw and amend her deemed admissions. Defendants oppose Mejia's Rule 36(b) motion, and Mejia opposes defendants' summary judgment motion.  The court is deciding these motions on the briefs.

II

Because the resolution of Mejia's motion to withdraw and amend her deemed admissions determines the outcome of defendants' summary judgment motion, the court turns first to Mejia's motion.

A

"[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Id.* Rule 36(b) places a burden on both the party making and the party obtaining the admission. "The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him." *Aperia Sols., Inc. v. Evance, Inc.*, 2021 WL 961672, at *2 (N.D. Tex. Mar. 15, 2021) (Starr, J.) (quoting *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004)). "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney*, 258 F.3d at 419.

B

1

As to the first prong of the Rule 36(b) analysis, Mejia maintains,[1] and defendants do not dispute, that the deemed admissions have the effect of eliminating the presentation of this case on the merits. The court agrees that the first element is satisfied. Because the deemed admissions bear directly on the merits of this case—including on whether Mejia was sexually harassed or assaulted—the court holds that the presentation of the merits will unquestionably be promoted by allowing the admissions to be withdrawn. *See Aguirre v. Asti Home Care, LLC*, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (finding that presentation of the case on the merits would be served by allowing defendant to withdraw his deemed admission where many of the admissions were centrally related to alleged discrimination); *Khanzai v. Bash*, 2016 WL 5394268, at *1 (S.D. Tex. Sept. 27, 2016) (Rosenthal, J.) (finding that permitting the withdrawal of admissions would allow the parties to present the merits of the case because the admissions went directly to the merits and contradicted the allegations in the complaint).

2

The second prong of the Rule 36(b) analysis requires that the parties opposing withdrawal not be prejudiced. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to

---

[1] Mejia presents this argument in her response to defendants' motion for summary judgment.

- 4 -

obtain evidence upon withdrawal or amendment of an admission." *S.E.C. v. AmeriFirst Funding, Inc.*, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008) (Fitzwater, C.J.) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). That it would be necessary for a party to prove a fact that it would not otherwise have been obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b). *Thanedar v. Time Warner, Inc.*, 352 Fed. Appx. 891, 896 (5th Cir. 2009) (per curiam).

Defendants maintain that allowing the withdrawal of the deemed admissions will prejudice them because the discovery period has closed and because they "could have framed their summary-judgment motion differently had Plaintiff filed her motion in early January 2022 . . . ." Ds. Resp. (ECF No. 54), at 5. The court concludes that defendants have not demonstrated prejudice based on the fact that the discovery period has closed. Although defendants are correct that the timing of a party's Rule 36(b) motion vis-a-vis the discovery deadline can sometimes constitute prejudice, defendants do not specifically argue how they detrimentally relied on Mejia's admissions when conducting discovery, nor do they specify what additional discovery they would need to conduct if Mejia's admissions are withdrawn. *See Schmidt Tr. of Est. of Border Anesthesia Servs., P.C. v. McKee*, 2012 WL 13137065, at *3 (S.D. Tex. Apr. 6, 2012) (finding that plaintiffs did not demonstrate prejudice in part because they "d[id] not raise any specific circumstances where they chose to refrain from deposing witnesses, asking specific questions, or seeking specific documents in reliance on

the deemed admissions").² And the court finds it unlikely, given the facts of this case, that defendants were prejudiced by their reliance on Mejia's admissions during the discovery period. The deadline for Mejia to respond to defendants' requests for admissions was January 7, 2022, Mejia served her untimely response on January 17, 2022, and the deadline to complete discovery was January 21, 2022. Thus defendants at most relied on her admissions during discovery for the period beginning January 7, 2022 and ending January 21, 2022 (15 days), which is insufficient in the context of this case to show prejudice. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (finding that plaintiff did not suffer prejudice, in part, because he had previously engaged in discovery and he "only relied on the admissions for six days—from February 20 to February 26, the day on which the defendants requested a withdrawal").

The court also concludes that defendants' reliance on Mejia's deemed admissions in preparing their summary judgment motion is alone insufficient to foreclose withdrawal or amendment of the admissions. This and other courts have rejected the argument that the opposing party's reliance on a deemed admission in preparing a summary judgment motion

---

²If defendants can demonstrate that they detrimentally relied on Mejia's deemed admissions during the discovery period, they may promptly move for appropriate relief, such as an extension of the discovery period. *See Gwynn v. City of Philadelphia*, 719 F.3d 295, 299 (3d Cir. 2013) (finding that prejudice suffered by appellants due to their reliance on deemed admissions during discovery was "adequately addressed by the extension of the discovery deadline"); *Luu v. Int'l Inv. Trade & Serv. Grp.*, 2012 WL 2450773, at *3 (S.D. Tex. June 26, 2012) ("Although the discovery deadline has now passed and the August 20, 2012 trial date is fast approaching, a modification of the scheduling order could provide Plaintiffs with ample time to conduct discovery and prepare for trial.").

is alone sufficient to deny the withdrawal or amendment of deemed admissions. *See, e.g.*, *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2021 WL 2434840, at *3 (N.D. Tex. June 15, 2021) (Fitzwater, J.) (rejecting argument that reliance on deemed admissions in preparing summary judgment motion constituted prejudice because "the prejudice defendants describe in their response—i.e., the need to seek additional relief so that they can reassert dispositive motions on the amended pleadings and revised record—is not the type of prejudice that Rule 36(b) envisions"); *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246-47 (10th Cir. 2005) (same); *see also Thanedar*, 352 Fed. Appx. at 896 ("However, '[t]he necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient.'" (alteration in original) (quoting *N. La. Rehab. Ctr., Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2001))).

Moreover, any prejudice caused by defendants' reliance on the deemed admissions in preparing their summary judgment motion will be remedied by the court's condition that Mejia pay defendants their reasonable attorney's fees and costs associated with preparing their summary judgment motion, and by the court's allowing defendants to file another summary judgment motion. *See infra* §§ II(C), III; *Aircraft Holding Sols.*, 2021 WL 2434840, at *3 ("[A]ny prejudice resulting from defendants' having already filed their motions for summary judgment can be ameliorated by permitting defendants to amend or supplement their motions.").

The court therefore concludes that allowing Mejia to withdraw the deemed admissions will promote the presentation of the merits of this case and will not prejudice defendants.[3]

C

Having concluded that the two Rule 36(b) factors weigh in favor of granting Mejia's motion to withdraw and amend her deemed admissions, the court grants the motion on the condition that she pay defendants their reasonable attorney's fees and costs associated with preparing the motion for summary judgment.

Although denying Mejia's motion to withdraw and amend her deemed admissions would impose the "severe sanction of ordering a matter admitted," granting the motion unconditionally would present a different problem: it would "tacitly impl[y] that a[n] . . . attorney's failure to abide by the rules of practice is of little or no consequence." *Kan. City S. Ry. Co. v. Shan of Monroe LLC*, 2021 WL 1432918, at *5 (W.D. La. Mar. 18, 2021) (second alteration in original) (quoting *Drs. Med. Ctr. of Modesto, Inc. v. Principal Life Ins.*

___

[3]Even when these two factors are established, the court still retains the discretion to deny a request for leave to withdraw or amend an admission. *Carney*, 258 F.3d at 419. The court declines to exercise its discretion here, however, because despite the fact that Mejia could have been more diligent in filing her Rule 36(b) motion, this lack of diligence does not alone warrant denial of her motion. *Cf. Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished) (stating that "whether the court abused its discretion in determining that plaintiffs had not acted with diligence" was "[a] more complex question" when plaintiffs filed their motion to withdraw nearly two months after response was due). *See also Republic Title of Tex., Inc. v. First Republic Title, LLC*, 2015 WL 3755060, at *5 (N.D. Tex. June 16, 2015) (Horan, J.) (finding, under Rule 36(b)'s first prong, that a delay of "two months in responding and a little over three months from the missed response date to file the motion to withdraw" did not require denial of motion to withdraw or amend).

*Co.*, 2011 WL 831421, at *8 (E.D. Cal. Mar. 3, 2011)).

Other courts have resolved this dilemma by requiring, as a condition of allowing a party to withdraw deemed admissions, that the moving party compensate the opposing party for the expenses caused by the defaulting party's failure to timely respond to the requests for admission. *See, e.g.*, *id.* at *6 (granting defendant's motion to withdraw admissions, but requiring that defendant pay costs associated with preparing the opposition to its motion to withdraw admissions); *Kang Kyu Seo v. Moon Suk Oh*, 2019 WL 4711404, at *4-5 (D.D.C. Sept. 26, 2019) (granting motion to withdraw deemed admissions, but awarding plaintiffs their "reasonable attorneys' fees incurred in preparing their motion for summary judgment"); *Lamark v. Laiwalla*, 2013 WL 5703614, at *4 (E.D. Cal. Oct. 15, 2013) (granting defendants' motion to withdraw admissions subject to the condition that defendants compensate plaintiff for the attorney's fees and costs associated with his summary judgment motion).

Accordingly, the court grants Mejia's motion to withdraw and amend deemed admissions on the condition that she compensate defendants for the reasonable attorney's fees and costs they incurred in preparing their summary judgment motion.

III

As noted, defendants rely solely on Mejia's deemed admissions to support their summary judgment motion. Because the court is conditionally permitting Mejia to withdraw and amend her deemed admissions, it follows that defendants' summary judgment motion should be denied without prejudice.

If Mejia complies with the requirement that she pay defendants' attorney's fees and costs and the deemed admissions are withdrawn, defendants may file another summary judgment motion within 60 days after Mejia tenders full payment to defendants. *See Aircraft Holding Sols.*, 2021 WL 2434840, at *8 (allowing defendants to amend or supplement their summary judgment motions); *Acosta v. Mezcal, Inc.*, 2018 WL 4188448, at *6-7 (D. Md. Aug. 31, 2018) (granting in part motion to withdraw deemed admissions and denying summary judgment, but allowing parties to re-file modified summary judgment motions). If Mejia does not make full payment, the court will revisit today's decision denying defendants' summary judgment motion.

IV

Within 14 days of the date of this memorandum opinion and order, defendants must notify Mejia's counsel in writing of the amount of attorney's fees and costs they incurred in preparing their summary judgment motion and how they calculated this amount. Within 28 days of receiving notice, Mejia must either pay that sum in full or notify defendants' counsel that she objects, in whole or in part. If Mejia objects and the parties cannot resolve their disagreement, defendants must file a motion for attorney's fees and costs, which will be briefed under the normal briefing rules. If defendants file such a motion and the court finds in their favor, the court may require that Mejia pay additional attorney's fees and costs that defendants incur in prosecuting their motion for attorney's fees and costs.

* * *

For the reasons stated, the court conditionally grants Mejia's motion to withdraw and amend her deemed admissions and denies without prejudice defendants' motion for summary judgment.

**SO ORDERED**.

April 22, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE