IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLVIA G. MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0587-D |
| | § | |
| THOMAS AYALA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Thomas Ayala ("Ayala") and JF Zavala Enterprises Inc. d/b/a El Pulpo Restaurant ("Zavala Enterprises") move for partial summary judgment, contending that plaintiff Nolvia G. Mejia's ("Mejia's") claims for back and front pay are barred because she failed to mitigate her damages. Concluding that defendants have met their summary judgment burden, the court grants the motion and holds that Mejia cannot recover back pay or front pay under the statutes in question.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case[1] and recounts the facts and procedural history only as necessary to understand this memorandum opinion and order.

Ayala and Zavala Enterprises are the owners of El Pulpo Restaurant Northwest ("El

---

[1] *See Mejia v. Ayala*, 2021 WL 6063583, at *1-2 (N.D. Tex. Dec. 22, 2021) (Fitzwater, J.); *Mejia v. Ayala*, 2021 WL 3930090, at *1-2 (N.D. Tex. Sept. 2, 2021) (Fitzwater, J.).

Pulpo"). Mejia was initially employed at El Pulpo as a waiter/server. Not long after Mejia started her employment, Ayala began sexually harassing her. Initially, Ayala made several inappropriate compliments concerning Mejia's body, clothes, hair, and the fit of her clothes. After Ayala promoted Mejia to the position of bar attendant, where he became her direct supervisor, the harassment increased.

On July 1, 2019 Ayala followed Mejia into the ladies bathroom at El Pulpo and "put his hands under her clothes, forcibly kissed [her] and bit her on her lips, resulting in laceration, and performed sexual acts on [Mejia] and on himself." Am. Compl. ¶ 21. After the assault, Ayala sent Mejia a text message saying he was sorry. Feeling she had no choice, Mejia quit her job at El Pulpo.

Mejia later filed a complaint with the Texas Workforce Commission-Civil Rights Division and the U.S. Equal Employment Opportunity Commission ("EEOC"). After she received a right to sue letter from the EEOC, she filed this lawsuit, alleging, *inter alia*, claims for sexual harassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and claims for violations of chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556), on corresponding grounds.

Defendants move for partial summary judgment, contending that Mejia's claims for back and front pay should be barred because the summary judgment evidence shows that she failed to mitigate her damages. Mejia opposes the motion. The court is deciding the motion on the briefs.

II

Defendants move for summary judgment on a defense for which they will bear the burden of proof at trial. *See Kirkwood v. Inca Metal Prod. Corp.*, 2008 WL 245941, at *9 (N.D. Tex. Jan. 30, 2008) (Fitzwater, C.J.) (citing *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1139 (5th Cir. 1988)) ("Although it is plaintiffs' duty to mitigate, the employer has the burden of proving failure to mitigate."). Because defendants will bear the burden of proof at trial concerning plaintiff's failure to mitigate damages, they "must establish 'beyond peradventure all of the essential elements'" of this failure. *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that defendants must demonstrate that there are no genuine disputes of material fact and that they are entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

Defendants contend that Mejia's claims for back and front pay should be barred because she never sought other employment after she left her position at El Pulpo. Mejia responds that she should be allowed to present evidence on this issue at trial.

"Title VII requires plaintiffs to mitigate damages by being reasonably diligent in

seeking employment substantially equivalent to the position lost." *Kirkwood*, 2008 WL 245941, at *9 (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982)). The reasonableness of a Title VII claimant's diligence "should be evaluated in light of the individual characteristics of the claimant and the job market." *Sellers v. Delgado Coll.*, 902 F.2d, 1189, 1193 (5th Cir. 1990) (quoting *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)). "'Substantially equivalent employment' is that 'employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated.'" *Id.* (quoting *Sellers*, 839 F.2d at 1138). Of critical importance, "[i]f an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment." *Sellers*, 839 F.2d at 1139 (citing *NLRB v. Madison Courier*, 472 F.2d 1307 (D.C. Cir. 1971)); *see also Voskuil v. Env't Health Ctr.-Dall*, 1997 WL 527309, at *7 (N.D. Tex. Aug. 18, 1997) (Fitzwater, J.); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (Fitzwater, J., sitting by designation). This same standard applies to claims for back and front pay brought under the TCHRA. *Jackson v. Host Int'l, Inc.*, 426 Fed. Appx. 215, 222 (5th Cir. 2011) (per curiam).

Here, Mejia contends that her ability to seek substantially equivalent employment was greatly impacted by the COVID-19 pandemic and the fact that she became pregnant after leaving El Pulpo. But Mejia testified several times in her deposition that she made *no* efforts to seek employment after leaving her position at El Pulpo, and she is now a homemaker who

cares for her two children.  Mejia's "unilateral decision that [her] job-seeking efforts would be futile does not absolve [her] of [her] duty to mitigate damages." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 309 (5th Cir. 2020) (citing *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1579 n.3 (5th Cir. 1989)); *see also Paris v. Dall. Airmotive, Inc.*, 2001 WL 881278, at *1 n.1 (N.D. Tex. July 30, 2001) (Lindsay, J.) (holding that plaintiff failed to mitigate when plaintiff left the job market to care for her mother), *vacated on other grounds*, 2002 WL 188435 (N.D. Tex. Feb. 5, 2002) (Lindsay, J.).

Mejia does not dispute that she has not sought further employment; instead, she argues that because failure to mitigate damages is an affirmative defense, summary judgment should be denied.  In this way, Mejia maintains, the parties "will have their opportunity at trial to present to the jury their arguments as to whether or not, given the individual circumstances of this case, [Mejia] should have made further efforts to obtain employment." P. Br. 5.  But this is not what the law provides.  Instead, because the summary judgment record indisputably shows that Mejia has made no efforts to obtain work since her employment with El Pulpo ended, defendants are entitled to summary judgment dismissing Mejia's claims for back and front pay.

\* \* \*

For the reasons stated, the court grants defendants' motion for partial summary judgment and dismisses with prejudice Mejia's claims for back and front pay under Title VII

and the TCHRA.

**SO ORDERED**.

August 26, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -